The trustee under Sarah C. Brewer's will seeks instructions.
After pecuniary and specific bequests, the remainder of the estate is given to the complainant in trust. Of the income, sufficient thereof is bequeathed to an invalid daughter, Rosamond, which when added to the income of her own estate will net her $6,000 a year, and a fund of $125,000 of the principal of the estate is set aside to insure the payment. Provisions follow for payment out of income to her issue, if any (she is unmarried) and two bequests of $5,000 each out of principal to named legatees if she dies without issue. Then follow the items over which there is dispute:
"Eighteenth. During the life of my said daughter Rosamond the balance of the income not hereinabove provided for, and after the death of my said daughter, and after the bequests provided for in paragraphs sixteenth and seventeenth shall have been paid, and after the provision shall have been made for the issue of my daughter Rosamond, the balance of the income may be paid over to the persons entitled thereto as hereinafter provided, subject to the condition that such payments of income shall be regarded as the personal indebtedness of my son Cyrus and shall be repaid by my said son to said trustee out of the estate received by my said son from my daughter Rosamond upon her death. If my son shall not receive any of the estate of my daughter then said indebtedness shall be canceled; and if the indebtedness shall exceed the estate received by my son Cyrus from my daughter Rosamond, then the indebtedness shall be considered as canceled with regard to such excess. The income so provided shall be paid over by said trustee in the proportion of one-half to my son Cyrus and the balance to the guardian of the person of Cyrus Brewer, 3d, and Harry Whitin Brewer, share and share alike, or to the survivor, or to Cyrus, 3d, and Harry personally, after they shall become of age and until they reach the age of twenty-three years, when the entire income shall be paid to my son Cyrus during his life.
"Nineteenth. Upon the death of my son Cyrus, if he shall have survived my daughter Rosamond, my said trustee shall pay to Cyrus *Page 9 
Brewer, 3d, $5,000; to Harry W. Brewer, $5,000, and to Elliott Brewer, $10,000. But if my said son Cyrus shall predecease my daughter Rosamond, then the payments to the children of Cyrus and Ann Brewer shall be made only out of the balance of my estate after setting aside the sum of one hundred and twenty-five thousand dollars ($125,000) to provide an income for my daughter Rosamond as provided in paragraph fourteenth, and the sum of fifty thousand dollars ($50,000) to provide an income for Ann Brewer as in paragraph twentieth, and any deficiency shall not be paid over until after the death of my daughter Rosamond."
By the next section, upon the death of the son Cyrus, if he predeceases Rosamond, a fund of $50,000 is set aside for his widow, Ann Brewer, she to receive the income during life and widowhood for the benefit of herself and her children. If she remains a widow and predeceases Rosamond, the income is payable to her children during Rosamond's lifetime; by codicil no child is to have more than $750 annually. Upon the death of Rosamond and Cyrus, a pecuniary bequest of $16,000 is payable to Mary B. Platt, a sister, or to her children if she be deceased, and the residue, upon the determination of all life estates, to be used to purchase annuities for the children of Mrs. Platt and those of Cyrus and Ann Brewer and of Rosamond.
Rosamond is alive. Cyrus is dead. Cyrus Brewer, 3d, and Harry Whitin Brewer are his sons by his first wife, from whom he was divorced. Elliott Brewer is a son by Ann Brewer. They had another son, Alden, not mentioned in the will. The trustee has some surplus income available for the bequest of surplus income under the eighteenth paragraph and some principal available for pecuniary legacies under the nineteenth paragraph, and it is advised;
All the surplus income vested at the death of the testatrix in Cyrus and his two sons, Cyrus, 3d, and Harry, and is payable as it accrued, one-half to the sons or the survivor of them, until they arrive at twenty-three years of age, the balance to Cyrus, the father, lifelong. The bequests are independent. That to Cyrus has terminated by his death and falls into the residue. The legacies to Cyrus, 3d, and Harry continue until they are twenty-three. *Page 10 
The surplus income comprises all incomes from whatever source over and above that required to discharge specific legacies of income and paying administration expenses. This observation is due to a contention that the income from the $125,000 fund set aside for the invalid daughter, Rosamond, should not be touched. The income from the entire trust estate was given, if necessary, to make up an annual $6,000 a year income for Rosamond and the fund was ordered set up as an assurance. All the rest of annual income not required for that purpose was given to Cyrus and his two sons as already indicated.
The gifts to the three sons of Cyrus by the nineteenth item, upon the death of Cyrus if he shall have survived Rosamond (he did not) are vested. The contingency "if he (Cyrus) shall have survived my daughter Rosamond" is annexed to the payment, not to the gifts.
The gifts are expressed in the directions to the trustee to pay. There is no limitation upon the directions except as to time of payment — forthwith, upon Cyrus' death if Rosamond be then deceased and her fund of $125,000 be available; postponed, if he predeceased Rosamond and the estate be insufficient to pay after setting aside Rosamond's trust and a fund of $50,000 for Ann Brewer, Cyrus' widow, as provided by the twentieth item. And the reason for annexing the contingency to the payment is clear when it is considered that the residuary estate given in trust was barely sufficient to meet the two funds. There was but a $6,000corpus surplus. The provision that if Cyrus should die before Rosamond, the payments to the children of Cyrus and Ann Brewer should be only out of surplus corpus, after setting aside the funds of Rosamond and Ann Brewer, aggregating $175,000 is inclusive of the three beneficiary grandchildren. All are children of Cyrus. Elliott is the child of Cyrus and also of Ann. The use of the plural noun "children" indicates that it was intended to collectively describe the three and its inappropriateness to a description of Elliott as "children" of Cyrus and Ann Brewer tends to confirm the view. There is nothing in the will of intention that Elliott's gift *Page 11 
alone should survive and its payment postponed and the gifts to Cyrus and Harry should stand defeated by their father's death before Rosamond. There is no apparent reason nor does the grandmother indicate any desire or intent to discriminate between her three grandchildren or that the gifts should be lost to two of them if their father should die before Rosamond. She realized that upon the happening of that event her estate would not be adequate and so she postponed the enjoyment until money should be available by the death of Rosamond. Her scheme was simple enough though somewhat complicated by the scrivener. Rosamond, the dependent, was to have the income of the residue of the estate for life up to $6,000 annually and upon her death some part of it was to go to her issue, if any; the balance was to go to Cyrus for life, after carving from it one-half for his two sons Cyrus and Harry until they were twenty-three. The principal upon the death of Cyrus and Ann and Rosamond, after the pecuniary legacies to the three grandchildren and the two in the sixteenth and seventeenth items, was to be invested in annuities.
The legacies to the three grandsons are payable when the trustee may have funds in excess of requirements for the Rosamond and Ann Brewer trusts.